UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREM MESI,

        Petitioner,

                                    CASE NO. 2:06-CV-11673
v.                                   HONORABLE GERALD E. ROSEN

JAN TROMBLEY,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR LEAVE
TO HOLD PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE**

**I.    Introduction**

Petitioner, an inmate at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder, which was imposed pursuant to a *no lo contendere* plea in the Wayne County Circuit Court in 2003. Petitioner was sentenced to 25 to 50 years imprisonment. In his pleadings, Petitioner raises claims challenging the voluntariness of his plea and the effectiveness of appellate counsel. This matter is before the Court on Petitioner's request to hold his habeas petition in abeyance pending the exhaustion of additional issues in the state courts. For the reasons set forth below, the Court denies Petitioner's request.

**II.    Procedural History**

Prior to sentencing, Petitioner filed a motion to withdraw his plea with the trial court alleging that the plea was not knowing and voluntary. The motion was denied. After sentencing, Petitioner filed another motion to withdraw his plea with the trial court. A hearing

1

was conducted and the trial court denied the motion. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *See People v. Mesi*, No. 255348 (Mich. App. June 18, 2004) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Mesi*, 474 Mich. 852, 702 N.W.2d 583 (Aug. 30, 2005).

Petitioner signed the instant habeas petition on February 13, 2006 asserting the following claims as grounds for relief:

> I. The trial court abused its discretion in denying his motion to withdraw the no contest plea made before sentencing where he claimed innocence and misunderstood the terms of the plea agreement and reversal is required.
>
> II. His appellate counsel was ineffective because he failed to provide to the trial court and the Michigan Court of Appeals medical evidence that corroborated his motions to withdraw his plea and failed to advise the appellate court that he was advised by the trial court that he had the right to appeal his sentence.

Petitioner filed the instant motion on May 8, 2006 seeking to hold this matter in abeyance so that he may exhaust additional issues concerning his competency and the effectiveness of trial counsel in the state courts. Petitioner cites the statute of limitations in his motion.

**III.     Discussion**

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before she can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

Having considered the matter, the Court finds that it is unnecessary to hold this matter in abeyance. A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. at 1533. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

In this case, Petitioner has not shown the need for a stay. His current claims appear to be exhausted and the one-year limitations period applicable to habeas actions does not pose a concern. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied relief on Petitioner's direct appeal on August 30, 2005. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his conviction became final on or about November 29, 2005 -- 90 days after the Michigan Supreme Court denied leave to appeal. Petitioner then had one year in which to file his federal habeas petition or seek additional state court review. The time during which a properly filed application for state post-conviction or other collateral

review is pending in the state courts statutorily tolls the one-year period.  *See* 28 U.S.C. § 2244(d)(2).  Petitioner dated his federal habeas petition on February 13, 2006.  At that point, only 76 days of the one-year period had expired.  While the time in which his habeas case has been pending before this Court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by this Court.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  Given that 289 days of the one-year limitations period remain, Petitioner has sufficient time in which to exhaust additional issues in the state courts and return to federal court should he wish to pursue those issues.

**IV.    Conclusion**

For the reasons stated, the Court **DENIES** Petitioner's motion to hold his habeas case in abeyance.  Should Petitioner wish to have the Court dismiss the present habeas petition, which contains claims he states are exhausted, so that he may exhaust additional issues in the state courts, he may move the Court for a non-prejudicial dismissal of his petition within **30 days** of the filing date of this order.  If he does not do so, the Court shall proceed on the claims contained in the present petition.

**IT IS SO ORDERED**.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  May 23, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 23, 2006, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager